**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliott, ) | No. CV-10-8097-PCT-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Wal-Mart Stores, Inc. ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Dismiss, doc. 11, pursuant to Fed.R.Civ.P. 12(b)(6). Both parties have consented in writing to magistrate judge jurisdiction in this case pursuant to 28 U.S.C. § 636. (Docs. 7, 13)  For the reasons set forth below, the Court will grant this Motion and will dismiss this action with prejudice.

**I. Background**

Plaintiff, proceeding *pro se*, commenced this action June 9, 2010 against Defendant Wal-Mart Stores, Inc. ("Wal-Mart").[1]  (Doc. 1)  Defendant Wal-Mart subsequently waived service of process and filed a Motion to Dismiss for failure to state a claim under Fed.R. Civ.P. 12(b)(6). (Doc. 11)  The Court ordered Plaintiff to file a response to the Motion to Dismiss on or before September 13, 2010.  (Doc. 16)  Although the September 13, 2010 deadline passed, Plaintiff neither responded to the motion to dismiss nor otherwise commu-

---

[1] The Court uses the full correct name of Wal-mart, rather than its incorrect name.

nicated with the Court. In view of Plaintiff's failure to respond to the Motion to Dismiss, on September 17, 2010, the Court ordered Plaintiff to show cause on or before September 24, 2010 why his Complaint should not be dismissed for failure to comply with Court orders. (Doc. 18) On September 24, 2010, the Order to Show Cause was returned to the Court as "undeliverable," marked "unable to forward." (Doc. 19)   Plaintiff has not notified the Court of his current address in violation of Local Rule of Civil Procedure 83.3(d). In view of Plaintiff's failure to respond to the Motion to Dismiss and failure to notify the Court of his current address, the Court will consider whether to dismiss this action.

**II. Motion to Dismiss/ Failure to Comply with Court Orders**

Local Rule of Civil Procedure 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona, provides that "if the unrepresented party or counsel does not serve and file the required answering memoranda [to a motion] . . ., such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the matter summarily." L.R.Civ. 7.2(i). In view of Local Rule 7.2(i), the Court deems Plaintiff's failure to respond to Defendant's Motion to Dismiss as his consent to granting that Motion.

Additionally, Plaintiff's failure to notify the Court of his current address supports dismissal of this action pursuant to Fed.R.Civ.P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action. . . . " In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Ferdik v. Bonzelet*, 963 F.2d 1259, 1261 (9th Cir. 1992) (stating that the first two dismissal factors favor dismissal and noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants. . . .").

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with Court orders prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed and warned him that this matter could be dismissed if Plaintiff failed to comply with Court orders. The Ninth Circuit recognizes that "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987)). Moreover, because Plaintiff has failed to notify the Court of his current address, further orders to show cause would be fruitless.

Rule 41(b) provides that a dismissal for failure to prosecute or failure to comply with court orders operates as an adjudication upon the merits, "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice is appropriate in this case in view of Plaintiff's failure to respond to the Motion to Dismiss which, pursuant to LRCiv 7.2(i), is deemed as consent to granting that motion.

The Court has also considered the substantive merits of the Motion. Even if the Court were to allow Plaintiff to amend his Complaint to comply with Rule 8(a)(2), *Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), it

appears as though Plaintiff is alleging a Title 42 U.S.C. § 1983 action. Of course, Wal-Mart cannot be held liable for alleged violations of Plaintiff's constitutional rights because Wal-Mart is not a state actor. Section 1983 allows individuals to recover damages and other relief for deprivations of constitutional rights that occur under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Clearly, Wal-Mart is a non-governmental corporation, is not a state actor and was not acting "under the color of state law" at all times alleged in the Complaint. Because amendment of the Complaint to allege a § 1983 action would be futile, the Court's dismissal will be with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 11) is **GRANTED** and that Plaintiff's Complaint is hereby **DISMISSED** with prejudice.   The Clerk of Court shall enter judgment accordingly.

DATED this 28th day of September, 2010.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge

- 4 -